UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-435-F

| | | |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, a Florida non-profit Corporation and DENISE PAYNE, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| BURLINGTON COAT FACTORY WAREHOUSE OF NORTH CAROLINA, LLC, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the Motions to Dismiss [DE-12] filed by Defendant.

Plaintiffs National Alliance for Accessibility, Inc. ("NAA") and Denise Payne ("Payne)(collectively, "Plaintiffs") initiated this action by filing a complaint [DE-1] in this court on October 13, 2010. Plaintiffs seek injunctive relief and attorneys fees on the basis of alleged violations of the Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") at a Burlington Coat Factory store located in Raleigh, North Carolina. In the original complaint, Plaintiffs named Burlington Coat Factory Warehouse of Raleigh, Inc. ("Burlington Raleigh") as the defendant.

On November 11, 2010, Plaintiffs filed an Amended Complaint [DE-5] and a Notice of Voluntary Dismissal [DE-6]. In the Amended Complaint, Plaintiffs again named Burlington

1

Raleigh as a defendant, but also named Burlington Coat Factory Warehouse of North Carolina, LLC, ("Burlington Warehouse") as a defendant. Accompanying the Amended Complaint was Summons [DE-5-1] prepared by Plaintiffs. The Summons was addressed to Burlington Coat Factory of North Carolina, LLC ("Burlington"), as opposed to Burlington Warehouse. Although the Amended Complaint named Burlington Raleigh as a defendant, the Notice of Voluntary Dismissal, filed the same day as the Amended Complaint, gave notice of Plaintiff's dismissal of any claims against that entity.

After receiving a motion for extension of time, Burlington filed the instant Motions to Dismiss. Therein, Burlington notes that it is named in the Summons, but not the Amended Complaint, and that the entity named in the Amended Complaint, Burlington Warehouse, is nonexistent. Burlington moves the court for an order dismissing Plaintiffs' claims for lack of standing under Article III of the United States Constitution pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Plaintiffs, who are represented by counsel, moved for an extension of time [DE-15] to file their response to the Motions to Dismiss. The Clerk of Court allowed Plaintiffs' motion, and gave Plaintiffs until March 23, 2011, to file their response. Despite more than two months passing since this deadline, Plaintiffs have yet to file their response to the Motions to Dismiss.

Accordingly, the unopposed Motions to Dismiss [DE-12] are ALLOWED, and Plaintiffs' claims are DISMISSED. The Clerk of Court is DIRECTED to close this case

2

Case 5:10-cv-00435-F   Document 18   Filed 05/24/11   Page 2 of 3

SO ORDERED.

This the 24th day of May, 2011.

                                                          James C. Fox
                                                          Senior United States District Judge